FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 28, 2018
OFFICE OF THE CLERK

IN THE UNITED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY                                           PLAINTIFF

V.                         NO. 18-3101 TLB

RICK LEMPP; MICHAELINE LEMPP;
GATORSONHOLIDAY, LLC; AND
MASON MICHAELIS                                             DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide"), by and through counsel, for its complaint for declaratory judgment, and states as follows:

### PARTIES

1. Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio. As a corporation organized under the laws of the State of Ohio with a principal place of business in Ohio, it is a citizen of Ohio for purposes of diversity jurisdiction. It is legally authorized to write tenant and homeowners insurance policies in the State of Arkansas.

2. Defendants, Rick and Michaeline Lempp, are Nebraska residents and citizens of the State of Nebraska. Mr. and Mrs. Lempp are named insureds on a Nationwide Tenants Policy. Mr. and Mrs. Lempp are named defendants in a civil lawsuit pending in the Circuit Court of Carroll County, Arkansas, styled as *Mason Michaelis v. Wedgewood Place Townhouse Association, Inc., et al.*, 08WCV-18-73, filed on July 25,

2018 (hereinafter the "underlying complaint"). A true and correct copy of the underlying complaint is attached as **Exhibit A**.

3. On information and belief, defendant, Gatorsonholiday, LLC (hereinafter "Gators"), is an Arkansas limited liability company that's current status is "REVOKED." Its registered agent is Richard Ragan, who can be served at 20 Dear Run Drive, Holiday Island, Arkansas 72631. As a corporation organized under the laws of the State of Arkansas, it is a citizen of Arkansas for purposes of diversity jurisdiction. Gators is a named defendant in a civil lawsuit pending in the Circuit Court of Carroll County, Arkansas, styled as *Mason Michaelis v. Wedgewood Place Townhouse Association, Inc., et al.*, 08 WCV-18-73, filed on July 25, 2018. *See* **Exhibit A**.

4. On information and belief, defendant, Mason Michaelis, is a Missouri resident and citizen of the State of Missouri. Mr. Michaelis is the named plaintiff in a civil lawsuit pending in the Circuit Court of Carroll County, Arkansas, styled as *Mason Michaelis v. Wedgewood Place Townhouse Association, Inc., et al.*, 08 WCV-18-73, filed on July 25, 2018. *See* **Exhibit A**.

## NATURE OF THE ACTION

5. An actual controversy exists between Nationwide and defendants involving the parties' respective rights and liabilities under a contract for tenant insurance and specifically liability coverage under said Tenants Policy. The construction of the insurance policy and the controversy existing between Nationwide and defendants may be determined by a declaratory judgment in this Court.

## JURISDICTION AND VENUE

6.     There exists an actual and justiciable controversy concerning whether a policy of insurance provides coverage with respect to claims arising out of an accident occurring at a rental property located in Holiday Island, Carroll County, Arkansas, on or about August 22, 2015.

7.     The United States District Court for the Western District of Arkansas, Harrison Division, has jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, and Article III, § 2 of the United States Constitution, which provides that federal courts maintain diversity jurisdiction "between citizens of different states." There is complete diversity between Nationwide and defendants.

8.     The amount in controversy exceeds the jurisdictional limit of $75,000.

9.     Moreover, the United States District Court for the Western District of Arkansas, Harrison Division, has jurisdiction over this matter pursuant to the Federal Declaratory Judgment Act, 28 U.S.C § 2201, which provides: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

10.    Venue is proper in the United States District Court for the Western District of Arkansas, Harrison Division, pursuant to 28 U.S.C. § 1391, as the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

## PLAINTIFF'S POLICY

11. Nationwide issued a Tenants Policy, Policy No. 63 03 HO 228693, to Rick and Michaeline Lempp on August 27, 2014, for the policy period of October 1, 2014, to October 1, 2015. A true and correct certified copy of the policy is attached as **Exhibit B**.

12. The policy afforded Personal Liability coverage with a $300,000 limit of liability. *See* **Exhibit B** at Policy Declarations. The **residence premises** are identified as 15 Ironwood Drive, Holiday Island, Arkansas, *i.e.* the townhouse, and the Lempps' residence address is in Bellevue, Nebraska. *Id.*

13. The policy definitions provide as follows:

> **DEFINITIONS**
> "You" and "your" refer to the named insured shown in this policy, and the spouse who lives in the same household. "We", "us", and "our" refer to the company. Certain words and phrases are defined as follows:
>
> 1. **"Bodily injury"** means bodily harm, sickness or disease, including resulting care, loss of services and death.
>
> \* \* \* \*
>
> 3. **"Insured"** means you and the following who live in your household:
>
>    a. your relatives.
>
> 4. **"Insured location"** means:
>
>    a. the **residence premises**.

*See id.* at F-2503, pp. 1-2.

14. The policy includes Form 3964-A, which provides additional policy definitions as follows:

4

**Definitions**

- In the Tenant and Condominium policies, the **Business** definition is deleted and replaced by the following:

    **Business** includes trade, profession, occupation, or employment including self-employment, performed on a full-time, part-time, or temporary basis. **Business** also includes any occasional **business** pursuits of an **insured**, including ownership of rental property.

    * * * *

- In the Tenant policy, definition 8. **Residence premises** is deleted and replaced by the following:

    **Residence premises** means the one, two, three, or four-family dwelling, other structures and grounds; or that part of any other building where **you** live, shown as the **residence premises** on the Declarations.

- In all policies, definition 9. **Occurrence** (definition 11. In Condominium policy) is deleted and replaced by the following:

    **Occurrence** means **bodily injury** or **property damage** resulting from an accident, including continuous or repeated exposure to the same general condition. The **occurrence** must be during the policy period.

See id. at F-3964-A, p. 1.

15. The insuring agreement provides the following coverage for bodily injury liability:

**Section II – Liability coverages**

**Coverage E – Personal liability**

We will pay damages the **insured** is legally obligated to pay due to an **occurrence**. We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.

See id. at F-2503, pp. 11-12.

16. The policy includes the following Business Pursuits Exclusion:

**Section II – Exclusions**

1. **Coverage E – Personal liability, and Coverage F – Medical payments to others** do not apply to **bodily injury** or **property damage**:

\* \* \* \*

 b. arising out of **business** pursuits of an **insured**, or the rental or holding for rental of any part of any premises by an **insured**. Exceptions, if any, are noted on the Declarations.

 This exclusion does not apply to:

\* \* \* \*

  (2) the rental or holding for rental of a residence of yours:

   (a) on an occasional basis for the exclusive use as a residence.

*See id.* at F-2503, p. 12.

17. The policy includes the following exclusion for owned premises that are not an **insured location**:

**Section II – Exclusions**

1. **Coverage E – Personal liability, and Coverage F – Medical payments to others** do not apply to **bodily injury** or **property damage**:

\* \* \* \*

 d. arising out of premises owned or rented to an **insured** but not an **insured location**.

*See id.* at F-2503, p. 12.

6

18.     The policy includes the following Contractual Liability Exclusion:

### Section II – Exclusions

\* \* \* \*

2.      **Coverage E – Personal liability**, does not apply to:

a.      liability assumed under any unwritten contract or agreement, or by contract or agreement in connection with any **business** of the **insured**.

*See id.* at F-2503, pp. 12-13.

19.     The policy includes Form Fire 3892, which provides additional policy language as follows:

### Mandatory endorsement

### Please attach this important addition to your policy.

It is agreed that the policy is amended as follows:

### Definitions

The following definition is added to all policies:

"**BIOLOGICAL DETERIORATION OR DAMAGE**" meaning damage or decomposition, breakdown, and/or decay of manmade or natural material due to the presence of fungi, algae, lichens, slime, mold, bacteria, wet or dry rot and any by-products of these organisms, however produced. Fungi as used above include, but are not limited to: yeasts, mold, mildew, rust, smuts, or fleshy fungi such as mushrooms, puffballs and coral fungi.

\* \* \* \*

### Section II – Exclusions

In all policies under Section II – Exclusions for Personal Liability and Medical payments to others, the following exclusion is added.

arising out of **biological deterioration or damage**.

All other provisions of this policy apply.

7

*See id.* at Fire 3892, pp. 1-2.

## UNDERLYING LAWSUIT

20. According to the allegations of the underlying complaint, defendant, Mason Michaelis, was on a family vacation at the townhouse rented by his grandfather. *See* **Exhibit A** at ¶¶ 8, 14.

21. According to the allegations of the underlying complaint, defendant, Mason Michaelis, exited the rear door of the townhouse onto an elevated deck on August 22, 2015, and "fell through the rotten boards of the deck floor, plunging his right leg through the deck up to the middle of his leg." *Id.* at ¶ 9.

22. According to the allegations of the underlying complaint, defendant, Mason Michaelis, allegedly suffered injuries to his right lower extremity, which required surgery on his right knee. *Id.* at ¶ 10-11.

23. According to the allegations of the underlying complaint, defendants, Mr. and Mrs. Lempp owned the townhouse, which was managed by defendant, Gators, pursuant to a Rental Property Management Agreement. *Id.* at ¶¶ 12-13

24. According to the allegations of the underlying complaint, defendant, Mason Michaelis, alleges negligence under a premises liability theory against defendants, Mr. and Mrs. Lempp, and Gators, specifically claiming that the deck of the townhouse was rotten and should have been inspected, repaired, removed, barricaded, or warned against. *Id.* at ¶¶ 21-28, 37-44, 53-60, 77-84.

25. According to the allegations of the underlying complaint, defendant, Mason Michaelis, seeks recovery for personal injuries sustained in the incident, including "injuries to his lower extremity, pain and suffering, economic damages arising out of medical costs,

the need for future medical care, including potential future surgeries, an increased risk of future disabilities, and other economic damages." *See id.* He also seeks recovery of punitive damages. *Id.* at ¶¶ 85-87.

## RENTAL PROPERTY MANAGEMENT AGREEMENT

26.     On information and belief, defendants, Mr. and Mrs. Lempp, entered into a Rental Property Management Agreement with Gators on or about August 8, 2006. A copy of the Rental Property Management Agreement is attached as **Exhibit C**.

27.     On information and belief, the agreement covered the townhouse with Gators serving as "manager," soliciting tenants and generally renting the property out at a nightly rate. *Id.* at Addendum.

28.     On information and belief, the agreement included the following specific terms:

> Insurance: Owner will provide Owner-Landlord Liability Insurance in the minimum amount of $300,000.00 bodily injury liability and $5,000.00 property damage liability. Owner agrees to indemnify and to hold Manager harmless from all injuries, property damage, and expenses of every nature should Owner fail to keep such insurance in force and any such liability is threatened to or incurred by Manager.
>
> * * * *
>
> Liability: The Manager shall not be liable for any act or omissions, whatever, of any agent or representative or for the Manager's negligence or error in judgment, except its willful misfeasance, bad faith or gross negligence in the conduct of its duties. In this regard the Manager shall do its utmost to obtain reputable, responsible tenants for the property and collect the rents, but the Manager shall not be responsible for any uncollectible rents.
>
> Indemnification: The Owner shall indemnify and save harmless the Manager from and against any and all liabilities, claims, damages, costs and expenses (including reasonable counsel fees) to which the Manager may become subject by reason of or arising out of the

9

> Manager/Owner relationship, any claims for personal injury or property damage arising as a result of any occurrence whatsoever on Owner's property or of the performance or non-performance of Manager's duties, provided, however, that no such right of indemnity shall exist with respect to an y liability, claim, damage, cost or expense which may be incurred because of the Manager's willful or wanton conduct, bad faith or gross negligence in the conduct of the Manager's duties. Manager shall deposit all security deposits collected for the Owner in a trust account in a national or state institution qualified to engage in the banking or trust business separate from the manager's personal account. However, the Manager will not be held liable in the event of bankruptcy or failure of a depository.

*See id.* at pp. 1-3.

## DECLARATORY JUDGMENT

29.   Nationwide refers to paragraphs 1 through 28 inclusive and by reference makes them a part hereof.

30.   Nationwide respectfully asks that the Court declare that it has and had no obligation whatsoever under the policy to defendants, Mr. and Mrs. Lempp, or defendant, Gators, with respect to a defense or indemnity related to the underlying complaint pending in Carroll County, Arkansas.

31.   The Nationwide policy expressly provides a Business Pursuits Exclusion, which precludes coverage for the underlying lawsuit pending in Carroll County, Arkansas.

32.   Specifically, the Business Pursuits Exclusion provides:

**Section II – Exclusions**

**1.**   **Coverage E – Personal liability, and Coverage F – Medical payments to others** do not apply to **bodily injury** or **property damage**:

\* \* \* \*

      b.      arising out of **business** pursuits of an **insured**, or the rental or holding for rental of any part of any premises by an **insured**. Exceptions, if any, are noted on the Declarations.

This exclusion does not apply to:

* * * *

    (2)    the rental or holding for rental of a residence of yours:

        (a)    on an occasional basis for the exclusive use as a residence.

See **Exhibit B** at F-2503, p. 12.

33. Under the policy, **business** clearly includes "ownership of rental property." See id. at F-3964-A, p. 1.

34. On information and belief, defendants, Mr. and Mrs. Lempp, purchased the townhouse in 2004 as an investment rental property.

35. On information and belief, defendants, Mr. and Mrs. Lempp, have lived for the last 35+ years in Nebraska which has been their primary and only residence.

36. On information and belief, defendants, Mr. and Mrs. Lempp, never resided at the townhouse, and they would only stay at the townhouse approximately 3 to 5 days every year or every other year.

37. Under the plain and unambiguous language of the policy, the **bodily injury** claims of defendant, Mason Michaelis, as alleged in the underlying complaint, unquestionably arose out of the rental of the townhouse, which was a "**business** pursuits of an **insured**, or the rental or holding for rental of any part of any premises by an **insured**."

38. In light of the foregoing, the Nationwide policy excludes coverage for the underlying complaint.

39. In addition to the Business Pursuits Exclusion, the Nationwide policy expressly provides for the exclusion of **bodily injury** "arising out of premises owned or rented to an **insured** but not an **insured location**." *See id.* at F-2503, p. 12.

40. On information and belief, defendants, Mr. and Mrs. Lempp, owned the townhouse at the time of the incident alleged in the underlying complaint.

41. On information and belief, defendants, Mr. and Mrs. Lempp, did not live at the townhouse at the time of the incident alleged in the underlying complaint or at any other time.

42. Under the plain and unambiguous language of the policy, an **insured location** is defined to include the **residence premises**; however, **residence premises** is defined as "the one, two, three, or four-family dwelling, other structures and grounds; or that part of any other building where **you** live, shown as the **residence premises** on the Declarations." *See id.* at F-2503, pp. 1-2.

43. Because defendants, Mr. and Mrs. Lempp, did not live at the townhouse at the time of the incident alleged in the underlying complaint or any other time, the townhouse was not an **insured location**.

44. In light of the foregoing, the Nationwide policy excludes coverage for the underlying complaint.

45. In addition to the foregoing exclusions, the Nationwide policy expressly provides a Biological Deterioration or Damage Exclusion, which precludes coverage for the underlying lawsuit pending in Carroll County, Arkansas.

46.Specifically, the Biological Deterioration or Damage Exclusion provides:

> **Mandatory endorsement**
>
> **Please attach this important addition to your policy.**
>
> It is agreed that the policy is amended as follows:
>
> **Definitions**
>
> The following definition is added to all policies:
>
> "**BIOLOGICAL DETERIORATION OR DAMAGE**" meaning damage or decomposition, breakdown, and/or decay of manmade or natural material due to the presence of fungi, algae, lichens, slime, mold, bacteria, wet or dry rot and any by-products of these organisms, however produced. Fungi as used above include, but are not limited to: yeasts, mold, mildew, rust, smuts, or fleshy fungi such as mushrooms, puffballs and coral fungi.
>
> * * * *
>
> **Section II – Exclusions**
>
> In all policies under Section II – Exclusions for Personal Liability and Medical payments to others, the following exclusion is added.
>
> arising out of **biological deterioration or damage**.
>
> All other provisions of this policy apply.

*See id.* at Fire 3892, pp. 1-2

47.**Biological deterioration or damage** is defined to include "damage or decomposition, breakdown, and/or decay of man-made . . . material due to the presence of . . . wet or dry rot and any byproducts of these organisms, however produced." *Id.*

48.The Biological Deterioration or Damage Exclusion excludes **bodily injury** "arising out of **biological deterioration or damage**." *Id.*

49.Under the plain and unambiguous language of the policy, the **bodily injury** claims of defendant, Mason Michaelis, as alleged in the underlying complaint,

13

unquestionably arose out of **biological deterioration or damage** in the form of "rotten boards of the deck floor."

50. In light of the foregoing, the Nationwide policy excludes coverage for the underlying complaint.

51. In addition to the foregoing exclusions, the Nationwide policy expressly provides a Contractual Liability Exclusion, which precludes coverage for Gators related to the underlying lawsuit pending in Carroll County, Arkansas.

52. Specifically, the Contractual Liability Exclusion provides:

**Section II – Exclusions**

\* \* \* \*

2. **Coverage E – Personal liability**, does not apply to:

   a. Liability assumed under any unwritten contract or agreement, or by contract or agreement in connection with any **business** of the **insured**.

*See id.* at F-2503, pp. 12-13.

53. Under the plain and unambiguous language of this policy exclusion, the policy does not provide coverage for "liability assumed . . . by contract or agreement in connection with any **business** of the **insured**." *Id.*

54. Under the plain and unambiguous language of the policy, **business** includes "any occasional **business** pursuits of an **insured**, including ownership of rental property."

55. As the Rental Property Management Agreement relates to the rental business of defendants, Mr. and Mrs. Lempp, the Contractual Liability Exclusion

precludes coverage for defendant, Gators, under the policy as well as related liability of Mr. and Mrs. Lempp.

56. Nationwide respectfully asks that the Court declare that it has and had no obligation whatsoever under the policy to defendants, Mr. and Mrs. Lempp, or defendant, Gators, with respect to a defense or indemnity related to the underlying lawsuit pending in Carroll County, Arkansas.

WHEREFORE plaintiff, Nationwide Mutual Fire Insurance Company, prays for declaratory judgment in its favor and against defendants as follows:

1. For a judicial declaration that Nationwide does not have a duty to defend and/or indemnify defendants, Mr. and Mrs. Lempp, and defendant, Gators, or the claims alleged by defendant, Mason Michaelis, in connection with the incident occurring on August 22, 2015, at the townhouse located at 15 Ironwood Drive, Holiday Island, Arkansas, and the underlying complaint filed by defendant, Mason Michaelis;

2. For its costs of suit herein; and

3. For further relief that the Court deems just and appropriate.

Respectfully submitted,

**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201-4851
Telephone:  501-372-1887
Facsimile:  501-372-7706
Email:  wankum@amhfirm.com

By: /s/ Mark D. Wankum
MARK D. WANKUM
BAR NO. 2008185