IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY**                                                    **PLAINTIFF**

V.                            **CASE NO. 3:18-CV-3101**

**RICK LEMPP; MICHAELINE LEMPP;**
**GATORSONHOLIDAY, LLC; and**
**MASON MICHAELIS**                                               **DEFENDANTS**

## OPINION AND ORDER

Now pending before the Court are a Motion for Summary Judgment (Doc. 30) and Brief in Support (Doc. 31) filed by Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide"). The case is a declaratory judgment action in which Nationwide contends that it owed no duty to defend or indemnify its insureds, Defendants Rick and Michaeline Lempp, or the Lempps' rental property manager, separate Defendant Gatorsonholiday, LLC ("Gators"), in connection with an underlying lawsuit proceeding in the Circuit Court of Carroll County, Arkansas, filed by separate Defendant Mason Michaelis. The Lempps owned a townhome on Holiday Island, Arkansas, which they rented to Michaelis and his family to use for a family vacation in the summer of 2015. During the rental period, Michaelis allegedly fell through some rotted boards on a deck outside the home and sustained injuries. On July 25, 2018, he sued the Lempps, Gators, and others in state court for negligence. *See* Doc. 1-1 (Carroll County complaint). In response, the Lempps and Gators demanded that Nationwide mount a defense to the state court action on their behalf and fully indemnify them pursuant to a tenant policy of insurance that the Lempps had purchased from Nationwide on August 27, 2014 (Doc. 1-2). Nationwide filed its

1

declaratory judgment action in this Court on September 28, 2018, asserting that the policy at issue excludes coverage for all Defendants.

On June 11, 2019, Nationwide filed its motion for summary judgment, arguing that the tenant policy contained a Business Pursuits Exclusion that precluded coverage for injuries arising out of the business or rental use of the property. In addition, because the property at issue was not the actual residence of the Lempps, but instead was merely being used as a rental property, it did not qualify as an "insured location" within the meaning of the policy. Nationwide alternatively maintains that the Biological Deterioration or Damage Exclusion precluded coverage for any injury arising out of such deterioration, including "damage or decomposition, breakdown, and/or decay of man-made . . . material due to the presence of . . . wet or dry rot and any byproducts or these organisms, however produced." (Doc. 1-2 at 30).[1] Finally, it is Nationwide's position that the Contractual Liability Exclusion precluded any coverage for Gators arising out of any oral or written contract Gators might have had with the Lempps.

On July 2, 2019, the Lempps filed a joint response to the motion for summary judgment, stating that they "do not contest the motion and concede that Nationwide is entitled to the declaratory relief sought." (Doc. 35 at 1). Separate Defendants Gators and Michaelis never responded to the motion.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[1] The state court complaint asserts that Michaelis sustained injuries due to "deck boards" that were "rotten and unsafe." (Doc. 1-1 at 4).

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Subpart (a) to Rule 56 provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, the Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212–13 (8th Cir. 1998). However, if a party fails to respond to a motion for summary judgment, the reviewing court is still obligated to address the merits of the motion and may not rule automatically in the movant's favor. *Soliman v. Johanns,* 412 F.3d 920, 922 (8th Cir. 2005), *cert. denied,* 549 U.S. 865 (2006); *United States v. One Parcel of Real Prop.,* 27 F.3d 327, 329 n. 1 (8th Cir. 1994); *Canada,* 135 F.3d at 1213 ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive.").

Having reviewed Nationwide's motion, brief, and the underlying insurance policy, the Court finds that summary judgment is appropriate in this case. The Lempps, who are the policyholders here, concede that Nationwide is entitled to a declaratory judgment. In addition, the Court makes a finding that the various policy exclusions cited to by Nationwide in its brief preclude coverage for the Lempps, Gators, and Michaelis under the policy.

**IT IS THEREFORE ORDERED** that Plaintiff Nationwide Mutual Fire Insurance Company's Motion for Summary Judgment (Doc. 30) is **GRANTED**, and the Court **DECLARES** that Nationwide owes no coverage or defense obligations to any of the

Defendants named herein in connection with Carroll County Circuit Court case number 08 WCV-18-73, styled *Mason Michaelis v. Wedgewood Place Townhouse Association, Inc., et al.* A separate judgment will enter accordingly, and this case is **CLOSED**.

**IT IS SO ORDERED** on this 15th day of July, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE